## Appointment of Horse Racing Stewards, Judges and Starters

PACKEL, Attorney General, April 9, 1974.—We have been requested by James F. Cendoma, Chief Counsel of the State Horse Racing Commission, to determine whether the State Horse Racing Commission has the authority to appoint stewards and other officials under the Act of December 11, 1967, P. L. 707, 15 PS §2651, et seq. It is our opinion, and you are hereby advised that the State Horse Racing Commission does not have the power to appoint stewards, judges and starters, which are required to conduct thoroughbred horse race meetings under existing legislation, but only has the right to approve them. It is also our opinion that the commission does have the power to appoint other individuals who are employed at thoroughbred horse race meetings and not specifically covered by statute.

Section 10 of the aforesaid act, 15 PS §2660, speaks to the hiring of officials at horse race meetings:

"At all thoroughbred horse race meetings licensed by the State Horse Racing Commission in accordance with the provisions of this act, qualified stewards, judges and starters shall be *approved* by the commission. Such officials shall enforce the rules and regulations of the State Horse Racing Commission and shall render regular written reports of the activities and conduct of such race meetings to the State Horse Racing Commission. The compensation of such judges and starters shall be fixed by the State Horse Racing Commission and paid by the corporation conducting such race meeting." (Italics supplied.)

The State Horse Racing Commission has construed this statute as giving them the right to appoint

the person(s) who are to be hired by an association to function as stewards, judges and starters.[1] The Horse Racing Commission believes that there can be better control over the conduct of horse racing meetings if they have exclusive control over these individuals who are responsible for the operation of the horse race meetings.

However, from the statutory language cited above, it is apparent that the legislature delegated to the State Horse Racing Commission only the power of approval over stewards, judges and starters. That the word "approved" should be construed as giving the Horse Racing Commission appointive powers cannot hold under close scrutiny.

The Pennsylvania State Harness Racing Commission from whose statute,[2] 15 PS §2660 is derived has

---

1. The present Rules of Racing and Administrative Rules of State Horse Racing Commission contain the following regulation: "All *three stewards,* all Veterinarians, Clerks of Scales, Horse Identifiers, *Starters* and *Assistant Starters,* shall be appointed by the Racing Commission. All other racing officials listed in section 1602 shall be appointed by the association subject to the approval of the Racing Commission. In place of a veterinarian, any other suitable person may be appointed by the commission to supervise the taking of various tests required by the rules and the commission. The compensation of all racing officials shall be fixed by the State Horse Racing Commission and paid by the corporation conducting such race meeting: Rule 16.03." (Italics supplied.)

2. Section 8 of the Act of December 22, 1959, P. L. 1978, 15 PS §2608, reads as follows: "At all harness race meetings licensed by the State Harness Racing Commission in accordance with the provisions of this act, qualified judges and starters shall be *approved* by the commission. No person shall be approved as a judge or starter unless he shall be licensed by The United States Trotting Association as a duly qualified pari-mutuel race meeting official. Such officials shall enforce the rules and regulations of the State Harness Racing Commission and shall render regular written reports of the activities and conduct of such race meetings to the State Harness Racing Commission. The compensation of such

never appointed nor construed their statute as giving them appointive powers. Moreover, Webster's New Collegiate Dictionary (1973) defines "approve" as: "to have or express a favorable opinion of; to accept as satisfactory; to give *formal* or *official sanction.*" "Appoint," on the other hand, is defined as meaning: "to fix or set officially; to *name officially.*" Thus, the two words have entirely different connotations and, applying the Statutory Construction Act, cannot be intertwined:

"(a) Words and phrases shall be construed according to rules of grammar and according to their *common* and *approved* usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition": 1 Pa. S. §1903. (Italics supplied.)

The legislature has used the word "appoint" in giving the State Horse Racing Commission permission to "appoint such deputies, secretaries, officers, representatives and counsel as it may deem necessary": 15 PS §2651.

We must assume from this that legislature intended the State Horse Racing Commission to have only the power of approval over those positions established by section 10, 15 PS §2660.

It should also be pointed out that in States, notably New Jersey and New York, where officials are appointed, there is statutory authority to do so.[3] In Penn-

judges, and starters shall be fixed by the State Harness Racing Commission and paid by the corporation conducting such race meeting." (Italics supplied.)

3. N.J. S.A. 5:5-37: "The said *commission may designate a steward,* a certified public accountant of this State as supervisor of mutuels, and a veterinarian licensed to practice in this State, to serve at any horse race meeting held under a permit issued under

sylvania administrative determinations must have a basis in law and must be within the granted authority. See Act of April 9, 1929, P. L. 177, 71 PS §186.

Therefore, regulations that pertain to the appointment of stewards, judges and starters by the State Horse Racing Commission cannot be sustained under present legislative authority.

Officials, such as veterinarians and horse identifiers may, however, be appointed by the commission under the authority given them by section 12 of the act, 15 PS §2652, which states in pertinent part that:

"(a) Pursuant to the provisions of this act, the State Horse Racing Commission shall have power to supervise generally all thoroughbred horse race meetings in this State at which pari-mutuel betting is conducted. The commission may adopt rules and regulations not inconsistent with this act to carry into effect its purposes and provisions and to prevent circumvention or evasion thereof."

The appointment pursuant to regulations of the State Horse Racing Commission of a veterinarian and horse identifier, two positions where independence from the corporation conducting a race meeting is paramount, is not inconsistent with the act.

It is, therefore, concluded, and you are hereby advised that stewards, judges and starters cannot be

this act. The compensation of such representatives shall be fixed by the commission and shall be paid weekly by the holder of a permit at whose horse race track such representatives shall serve." (Italics supplied.)

C.L.S. Unconsol. Law. Chap. 101 §9-a: "There shall be three stewards to supervise each running race meeting conducted pursuant to section seven of this act. *One of such stewards shall be the official steward of the state racing commission,* one shall be appointed by the jockey club or by the national steeplechase and hunt association as may be appropriate, and one shall be appointed by the corporation or association conducting such race meeting." (Italics supplied.)

appointed by the State Horse Racing Commission since, under existing legislation, the act only gives the commission power to approve them. Officials which are not provided for by statute can be appointed pursuant to regulations of the State Horse Racing Commission when not inconsistent with other provisions of the act.